ROSARIA MANNARA, Respondent, v. LAWRENCE A. WEIN et al., Defendants, JAY KOPPEL et al., Appellants-Respondents.—

In our opinion, no proper verdict was actually rendered by the jury. Moreover, the circumstances surrounding the polling of the jury, the procedure by which it was done, and the jurors' obvious confusion as to the verdict, were such that

a new trial should be had in the interests of justice. In view of this determination, we reach no other questions. Nolan, P. J., Beldock, Ughetta and Brennan, JJ., concur; Pette, J., dissents and votes to affirm the judgment, with the following memorandum: This accident concededly occurred in a factory building, and the plaintiff was a factory worker therein. Under the statute relating to this type of structure and to the workers (like plaintiff) encompassed thereby (Labor Law, §§ 241, 290, 315), "owners and contractors" are liable in the same degree for failure to observe compliance with the safety rules applicable in such premises (*Vallina* v. *Wright & Kremers*, 7 A D 2d 101, 108–109). The Trial Judge's instructions to the jury were therefore correctly given to the effect that as to liability all three defendants (appellants) were to be considered on a parity with respect to plaintiff. In my opinion, the jury's verdict could be properly construed as a vote of 10 to 2 in favor of a finding of $22,000 in damages for the plaintiff against one defendant. Hence, in conformity with his charge, the Trial Judge properly ruled that such verdict was to be applied as against all defendants. Since all defendants were chargeable as joint tort-feasors, the dismissal of the cross complaint as to defendant John Melen, Inc., was proper.